IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARCO CHARLES GILBERT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-178 |
| | ) | (Formerly CR 114-125) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**O R D E R**
_____

Petitioner, an inmate at the U.S. Penitentiary in Adelanto, California, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. no. 1.) On March 25, 2020, Petitioner filed a Motion for Copy of Records, in which he asks the Court to send him copies of his criminal docket, indictment, plea agreement, sentence, and condition sheet. (Doc. no. 5.)

Petitioner's request fails for multiple reasons. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2255 Proceedings allows discovery for good cause. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Id. at 908-09 (citation omitted). Petitioner asserts he needs the requested documents so he may walk in the penitentiary yard without getting stabbed. (Doc. no. 5.) There is nothing specific in Petitioner's request that demonstrates the copies will assist him in his § 2255 motion. In fact,

Petitioner has submitted a request not specifically targeted to any claim in his § 2255 motion.

However, to the extent Petitioner is requesting portions of his case file to assist in his § 2255 motion, Petitioner has been able to formulate his § 2255 motion based on information or knowledge already within his possession, and he offers no valid explanation as to why the requested documents from his criminal case file is necessary for the resolution of his § 2255 motion. See Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992) ("[A] prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding.")  Additionally, to the extent Petitioner seeks copies of information available from the public record of his underlying criminal case, he may always submit a request for documents, along with the requisite $0.50 per page, directly to the Clerk of Court for the Southern District of Georgia. Accordingly, the Court **DENIES** Petitioner's Motion for Copy of Records. (Doc. no. 5.)

The Court will address the substance of Petitioner's § 2255 motion in its normal course of business.

SO ORDERED this 31st day of March, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA